# Commonwealth, to use of Weaver et al. *versus* Steacy, et al.

1. A decree of the court confirming an auditor's report distributing the estate of one who has made an assignment for the benefit of creditors, can not be questioned or overturned in a collateral proceeding.

2. A., being indebted to B. on a bond, made an assignment for the benefit of his creditors. B. died, and letters of administration were issued upon his estate. A.'s assignee, having filed his account, the same was referred to an auditor to distribute the balance in the said assignee's hands. Before said auditor the next of kin of B. objected to the payment of the amount of A.'s bond to B.'s administrator, on the ground that he was not financially responsible; it was thereupon agreed between the counsel for the assignee and for the administrator, that the amount of said bond should be paid directly to B.'s next of kin. The auditor so reported, and the report was confirmed by the court. Subsequently, the assignee failed to pay over to B.'s next of kin the sum awarded to them and

[Commonwealth, to use of Weaver *v.* Steacy.]

became insolvent, whereupon they brought suit against his sureties on his official bond. The court below charged that, as the fund in question had been diverted from B.'s administrator to whom it was properly payable, the sureties were discharged as to it. *Held*, that this was error, that the decree of distribution in the common pleas could not be thus collaterally attacked, and that the plaintiffs were entitled to judgment.

May 16th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lancaster County:* Of January Term 1882, No. 141.

Debt, by the Commonwealth of Pennsylvania, to the use of W. D. Weaver, John M. Pickel, et al., against David G. Steacy, Morris Cooper, Peter Pickel and Samuel A. Hughes, upon an official bond given by the defendant, Steacy, as assignee, for the benefit of the creditors of William F. Pickel, upon which bond the other defendants were sureties.

On the trial, before LIVINGSTON, P. J., the following facts appeared : On May 26, 1871, William F. Pickel, of Bart Township, made an assignment to David G. Steacy, for the benefit of his creditors. Steacy filed a bond, in the usual form, in which Morris Cooper, Peter Pickel and Samuel A. Hughes joined as sureties. The assignee filed his account, and an auditor was appointed to settle and adjust the same, and report distribution of the balance in the hands of the assignee. Before the auditor, a claim was presented on a bond for $4,600, given by the assignor, William F. Pickel, to his father, George H. Pickel, who died in September 1869, intestate, leaving to survive him a widow and seven children. The validity of the claim on the bond was not disputed, but objection was made, on behalf of said children, to the auditor's awarding payment of the same or any part thereof, to the administrator of George H. Pickel, one Drancker, on the ground that he had moved to Virginia, and was not in good financial standing, and it was thereupon agreed between the counsel for the assignee and for the administrator that the amount should be awarded directly to the children of George H. Pickel, subject, however, to the payment of George H. Pickel's debts, if any, and subject, as to the share of Benjamin F. Pickel, one of the sons, to a foreign attachment, previously issued by the county of Lancaster against the said Benjamin F. Pickel's share in his father's estate. In pursuance of this agreement, the auditor awarded the sum of $3,507.71 to George H. Pickel's heirs, according to their respective interests, and the auditor's report was confirmed by the court without objection. The assignee paid the sum of $1,600 to four of the said distributees, on account of their shares, but failed to pay the remainder of the award. He also failed to pay certain costs of audit, whereupon the present suit on his official bond as assignee

[Commonwealth, to use of Weaver *v.* Steacy.]

was instituted, in which the said children of George H. Pickel, the county of Lancaster, attaching creditor, and the parties entitled to the costs of audit were use plaintiffs.

The court, in answer to points presented by plaintiffs and defendants, and in the general charge, instructed the jury, substantially, that the plaintiffs were not creditors of William F. Pickel at the time he made his assignment, and that by their agreement that the fund should be diverted from the administrator of George H. Pickel, to whom it was properly payable, they released the sureties on the bond of the assignee from all liability for the amount so diverted ; further, that a recovery could not be had against Steacy, in this suit, on his official bond. The court, therefore, instructed the jury to find for the defendants.

Verdict, accordingly, for the defendants, and judgment thereon. The plaintiffs thereupon took this writ of error, assigning for error the instructions of the court, and the direction to find for the defendants.

*Hugh R. Fulton* and *Samuel H. Reynolds* (with them *R. C. Cready*), for the plaintiffs in error.

*W. F. Beyer* and *W. Aug. Atlee,* for the defendants in error.

Mr. Justice Paxson delivered the opinion of the court, October 2d 1882.

The 1st, 2d, 3d, 4th, 5th, 7th, 8th and 9th assignments of error raise substantially the same question, and may be considered together.

This was a suit on a bond given by an assignee for the benefit of creditors, for the faithful performance of his duties, under the Act of Assembly. It appeared upon the trial below, that the account of the assignee had been duly filed in the proper office, and an auditor appointed by the court to audit, settle and adjust the same; that the auditor had performed those duties, and that, by his report, duly confirmed by the court, a certain amount of money was awarded to the respective use plaintiffs. It was to recover this money that the suit below was brought.

The defense was peculiar. It appears that George H. Pickel, the father of the assignor, held a bond against his son for $4,600. George H. Pickel was deceased when the account of the assignee came to be audited, and the bond in question was presented to the auditor, and payment thereof demanded on behalf of Adam Draucker, his administrator. There was no defense to the bond, but the heirs of said George H. Pickel objected to the

[Commonwealth, to use of Weaver *v.* Steacy.]

money being paid to the administrator, for the reason, as we gather from the record, that he had left the state, and was not in good financial standing. The result was an amicable arrangement, by which the money was awarded to the heirs of George H. Pickel, without passing through the hands of the administrators. There is no allegation that there are any debts of Pickel unpaid. Distribution was made by the auditor in accordance with this arrangement, and his report, as before stated, was confirmed by the court.

The defendants contended below, and the court so ruled, that the sureties were discharged; that, as the plaintiffs were not creditors of the estate of the assignor, William F. Pickel, they were not protected by the assignee's bond. The error of this ruling runs through each of the assignments referred to. The precise effect of it was to overturn, in a collateral proceeding, the decree of distribution in the Common Pleas. It needs but a moment's reflection to see that this cannot be allowed. It is no concern of the assignee or his sureties as to whom the money is awarded. The bond is for the benefit of any person interested in the assigned estate. The decree of distribution is conclusive that the plaintiffs are so interested. If the assignee, or his sureties, were aggrieved in any way by the decree, they should have appealed. That was their appropriate remedy, and their only remedy. I need not pursue the subject further, as the precise point is expressly ruled in Little *v.* The Commonwealth, 12 Wright 337.

The court below ignored the attachment issued by the county of Lancaster (see 6th assignment), on the ground that the assignee had no money in his hands due B. F. Pickel; yet if the auditor's report, confirmed by the court, shows there was money in the hands of the assignee belonging to B. F. Pickel, the ruling of the learned judge was erroneous.

We are unable to see why the interrogatories referred to in the 11th and 12th assignments were excluded, yet, in the view we take of the case, they are unimportant.

Judgment reversed, and a venire facias de novo awarded.