---

# Commonwealth *v.* Dumn.

*Assignment for creditors—Continuance of business—Landlord and tenant—Res adjudicata.*

Where a mining company has made an assignment for the benefit of creditors, and the landlord of mining property leased to the assignor has permitted the assignee to continue mining operations for over two years, and at the end of that time has appeared before an auditor appointed to pass upon exceptions to the assignee's account, and has claimed priority for royalties accrued subsequently to the assignment, and such claim has been disallowed by the auditor and the court, and no appeal has been taken, the landlord thereafter has no right of action against the assignee and his sureties, for an alleged improper continuance of the business.

Argued Nov. 16, 1900. Appeal, No. 175, Oct, T., 1900, by plaintiffs, from judgment of C. P. Berks Co., June T., 1900, No. 171, on verdict for defendants non obstante veredicto. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for royalties. Before ENDLICH, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was in entering judgment for defendants non obstante veredicto.

*H. F. Heinly,* of *Rourke & Heinly,* for appellants.—The assignees had the right of election to continue or not under the agreements between the assignor company and the appellants. The exercise of that right was an election by them as assignees, and they are liable for the legal consequences of their act, and so are their sureties liable, the measure of the principals' responsibility being the measure of theirs : Taylor on Landlord & Tenant, sec. 458 ; Horwitz v. Davis, 16 Maryland, 313 ; Patterson's App., 48 Pa. 342 ; Rhawn v. Com., 102 Pa. 450 ; Fifield v. Edwards, 39 Mich. 264 ; 2 Black on Judgments, sec. 618.

*D. Nicholas Schaffer,* with him *Dumn & Schaffer,* for appellees.—The appellants' claim for royalty, being for ore and ochre mined by the assignees subsequent to the assignment, is a debt contracted by the assignees outside of their trust, or duties as assignees, for which they and their sureties are not liable on their official bond : Fulton's Est., 51 Pa. 204 ; Appeal of Jordon and Porter, 107 Pa. 84 ; Miller's App., 35 Pa. 481 ; Brough's Est., 71 Pa. 460 ; Dean's App., 98 Pa. 101 ; Bensinger v. Wren, 100 Pa. 500 ; U. S. v. Morgan, 28 Fed. Repr. 48 ; Israel v. Jordan, 12 Misc. Reps. 552 ; 34 N. Y. Supp. 21.

The appellants' claim for royalty, having been submitted by them to the auditor appointed to make distribution of the balance in the hands of the assignees to and among those legally entitled thereto, and having been disallowed by him, which was duly confirmed by the court of common pleas, was passed upon by a court of competent jurisdiction, and is therefore res adjudicata : Marsh v. Pier, 4 Rawle, 273 ; Morris v. Garrison, 27 Pa. 226 ; Com. v. Comrey, 174 Pa. 355.

OPINION BY ORLADY, J., May 23, 1901:

The Penn Mining and Manufacturing Company executed and delivered a general deed of assignment for the benefit of creditors to James F. Dumn and Charles C. Luberg, who accepted the trust and continued the business of the assignors in mining iron ore and ochre, or earth paint, on certain real estate owned by the plaintiffs, for more than two years. The assignors filed their account in November, 1896, and an auditor was appointed to pass upon exceptions filed thereto and make distribution of the balance in the hands of the accountants.

The plaintiffs appeared before the auditor and claimed allowance, inter alia, of their claim "for royalty accrued subsequent to the assignment" as a preferred one, having priority over general claims against the fund for distribution. The assigned estate consisted of leases on real estate, buildings, and machinery on leased lands, and personal property used by the assignor in conducting the business of mining and manufacturing iron ore and ochre for market, the stock of ore on hand at the time of the assignment, and the assignors "mined and prepared for market, additional ore," the royalties on which constitute the plaintiffs' claim in this case. The auditor rejected the plaintiffs' claim for the ore mined subsequent to the deed of assignment, and his report was confirmed absolute by the court of common pleas on October 30, 1897.

On July 29, 1898, the plaintiffs brought the present action against the assignees and their sureties, and in their statement allege "that the continuing the said business by said assignees was without authority of law and constituted a breach of the conditions of the bond entered into by the said assignees, and by reason of said unlawful act performed in their capacity of assignees, have become liable to the plaintiffs."

On the trial the defendant, at the conclusion of the plaintiffs' evidence, moved for a compulsory nonsuit, and, that being refused, offered no testimony, but submitted five prayers for binding instructions in their favor. These points were reserved, and, subject to their further consideration, the jury was directed to render a verdict for the plaintiffs; the course thus adopted by the court being the one approved by the Supreme Court in Fisher v. Scharadin, 186 Pa. 565. The court subsequently directed a verdict non obstante veredicto for the defendants.

The defendant's fourth point was as follows: "The plaintiffs having submitted their claim for royalty for which this suit has been brought to the auditor appointed by the court to pass upon the account of James F. Dumn and Charles Luberg, assignees of the Penn Mining and Manufacturing Company, to make distribution, etc., and the said claim having been passed upon and rejected by the auditor, it is now res adjudicata, and the verdict must be for the defendants." The fifth point was as follows: "There is no evidence in this case entitling the plaintiffs to recover."

These plaintiffs now seek to collaterally question the conclusiveness of the decree of the common pleas, which stands unappealed from. The exception filed by them to the assignees' account would have, if sustained by the auditor, largely increased the fund for distribution, and while they allege, by these exceptions, that the estate was poorly managed, they permitted this business to so continue without availing themselves of the provision of section 11 of the Act of June 14, 1836, P. L. 628, in praying for a citation against the assignees "for wasting, neglecting or mismanaging the trust estate."

The faithful management of an assigned estate and the credits to be allowed for marketing unfinished articles very largely depends on the character of the property at the time of the assignment, and the conduct of the assignees and creditors. These plaintiffs assented to the mining of their ore and ochre for over two years by the assignees; and had the business been profitable, the plaintiffs' claim might have been allowed as part of the expenses of the estate. This was the theory on which they permitted the assignees to mine the ore and ochre, which was not a necessary part of the assignees' duty. By permitting the assignees to do what they now claim to be in excess of their duty, they cannot enlarge nor extend the liability of their sureties: Bensinger v. Wren, 100 Pa. 500. The whole question was raised before the auditor who had jurisdiction over the parties and subject-matter, and his decision of it bound the parties before him, whether it was right or wrong: Reading Iron Works' Estate, 149 Pa. 182.

The statement discloses that the claim in controversy in this action is identical with the one adjudicated by the auditor. The plaintiffs and defendants herein were parties interested in

that proceeding so as to entitle either to ask for a review of the auditor's decision by exception or appeal: Bishop's Estate, 10 Pa. 469; Little v. Commonwealth, 48 Pa. 337; Commonwealth v. Steacy, 100 Pa. 613; Commonwealth v. Comrey, 174 Pa. 355. It is not necessary to pass upon the other phase of the case, inasmuch as the court below would have been justified in granting a nonsuit for the reason that "the presentation of the claim to the auditor who distributed the assigned estate, its rejection by him, the confirmation of his decision by the court, and the failure of plaintiffs to appeal therefrom, raise an insuperable bar to this action," or after reserving the question as was done, to enter the judgment appealed from.

The judgment is affirmed.