Peters' Estate

Before Lamorelle, P. J., Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

*G. Von Phul Jones*, for petitioner.

*Clinton A. Sowers, Charles J. Weiss* and *Samuel R. Schatz*, contra.

SINKLER, J., December 8, 1933.—The pleadings before us are composed of a petition for review filed by one of the sureties upon the bond of the administrator c. t. a., demurrers thereto filed by two creditors of decedent, and the answer of the administrator c. t. a.

There is no necessity to recite again the facts set forth in the adjudication. On June 6, 1932, the account was called before me for audit. The case being a

contested one, it was fixed for hearing for June 9, 1932. On that date it was announced by the court that the account would be called for audit before Marx, P. J., of the Orphans' Court of Berks County, specially presiding, on June 23, 1932.

There will be found in the record the affidavit of Madeline Dornhofer that on May 25, 1932, she sent notice of the audit to certain parties set forth in the list attached to the affidavit, which contains the names of the petitioner and Harvey McCourt, Esq., his attorney. The notice in question is more detailed than is usual, and begins by stating that the account and restated account would be called before Sinkler, J., on Monday, June 6, 1932, that it would be answered "contest", and that the auditing judge would fix another day later in the week or the week following for the actual hearing of the audit. The notice proceeds: "We will endeavor to give you notice of the actual day of audit, but it is your duty to be present and to learn from the court the day and time fixed for the actual audit". The notice then proceeds to state that the accountant has been informed that objections to the account will be raised and requests all persons who have any objection to give notice forthwith to attorneys for the accountant.

The record contains another affidavit of Madeline Dornhofer that on June 6, 1932, she mailed a notice of the date of the audit fixed by the court, Thursday, June 9, 1932, to the parties whose names appear upon the list attached to the affidavit, which includes Robert McCarter, the petitioner, and Harvey McCourt, his attorney.

The account was partially audited on June 23, 1932, before Marx, P. J., specially presiding. There is nothing in the record to show that the surety, McCarter, or his attorney, McCourt, appeared at that audit. Argument was heard at considerable length by the auditing judge for and against objections to the account.

The account was called for further audit before Marx, P. J., specially presiding, on December 1, 1932. The record contains an affidavit of Clara Streephy that on November 17, 1932, she mailed to persons whose names are contained in the list attached to the affidavit notice of the date set for audit, to wit, December 1, 1932, a copy of the notice being attached to the affidavit. The list of those to whom the notice was mailed includes Robert McCarter, the petitioner, and Harvey McCourt, his attorney. At this hearing, further argument was heard by the auditing judge for and against the exceptions, the testimony of the accountant was taken at considerable length, and two other witnesses were heard.

On March 30, 1933, the adjudication of Marx, P. J., was filed. Exceptions to the adjudication were filed on behalf of Anna C. Peters on April 13, 1933, and on the same day exceptions were filed by the accountant. All these exceptions were subsequently withdrawn.

On December 20, 1933, a decree for a citation was entered by Gest, J., sur petition of Robert W. McCarter, a surety on the administration bond of William J. Peters, administrator c. t. a. Paragraphs 10, 11, and 12 of the petition for review relate that upon receipt of notice of the filing of the account and audit petitioner engaged counsel to protect his interest, but that his counsel failed to appear at the audit; that counsel failed to except to the adjudication or in any way to act for the protection of the petitioner; that 6 days after the filing of the adjudication petitioner received a letter from his attorney which did not explain the liability incurred by the petitioner by reason of the adjudication; that, although petitioner's rights and liabilities were seriously affected by the disallowance of credits to and surcharges against the administrator, no exceptions were filed to the adjudication by his attorney to protect the rights of the

petitioner. Paragraphs 13 and 14 of the petition recite that petitioner first learned that his rights had been seriously affected on July 27, 1933, when an attorney for one of the creditors advised petitioner by letter that an award had been made to his client by the schedule of distribution, and demanding payment thereof. Paragraph 14 recites that upon receipt of this letter petitioner learned that nothing had been done by his attorney to protect his interest, and that he engaged other counsel to represent him and to take such action as might be requisite. Paragraph 15 of the petition, clauses *a* to *i*, relates to the findings of the auditing judge set forth in his adjudication and in the schedule of distribution. The petition concludes with a prayer that the confirmation of the account be opened, reviewed, and set aside; and that the account be restated and the adjudication and schedule of distribution amended.

The two demurrers filed to the petition for review set forth substantially the same grounds for the dismissal of the petition, to wit, that the petitioner is not a party in interest such as can petition the court for review, that the petitioner admits in his petition receipt of notice of the filing of the account and audit and notice of the filing of the adjudication, that the petition for review fails to disclose any error of law appearing in the adjudication or discovery of any new evidence, and that the facts alleged in the bill of review were duly considered at the audit and disposed of by the adjudication.

The answer filed by the accountant admits certain allegations in the petition, neither admits nor denies certain other averments in the petition, denies certain averments therein, and contains certain allegations headed "new matter". The answer concludes with a submission to the discretion of the court, and a prayer that such orders and decrees be made as right and justice under the circumstances require.

The matter came before the court in banc on November 20, 1933. It was argued at length, and briefs were filed, raising numerous and interesting questions relating to the right of the petitioner to have a review as well as to questions relating to the adjudication of the auditing judge. In behalf of the demurrants, it is argued that the petitioner is guilty of laches and as a matter of grace is not entitled to be heard, that the facts set forth by petitioner in his bill of review did not disclose any errors of law in the adjudication, "apparent in the decree and without the taking of further testimony", and as well certain other grounds. The question was raised at the argument whether a surety upon an administrator's account is a party in interest under the Act of October 13, 1840, P. L. (1841) 1, as reënacted in amended form by section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, and entitled to file a petition for review. In support of the right of the surety to have his bill of review, counsel cites Shallcross' Estate, 12 Phila. 158, Simpson's Appeal, 18 W. N. C. 175, Hartz' Appeal, 2 Grant 83, Bishop's Estate, 10 Pa. 469, and Simmons's Estate, 1 Dist. R. 559 (Ashman, J.). Undoubtedly, in these cases, it is held that under certain circumstances a surety is entitled to a bill of review. In Bishop's Estate, an administrator had charged himself in his account with rents and profits of decedent's real estate and proceeds of sale of real estate. A large balance was decreed against him, he became insolvent, and suits were brought against the sureties on his bond. Since his bond was conditioned for the proper administration of the personal estate, a review was granted to the sureties. In Simmons's Estate, like relief was given a surety where an executor had charged himself with a larger amount than was actually received from the proceeds of sale of real estate.

In the present case, if it be conceded that petitioner is a party in interest and were his right to a review unquestioned on this or other like ground, he is

nevertheless precluded by his failure to appear at the audit. He and his counsel were both repeatedly notified of the audit of the account of the administrator c. t. a., and there is nothing in the record to show that they appeared either at the audit on June 23, 1932, or the audit on December 1, 1932. The petitioner occupies no different position from that of a creditor who has been duly notified to appear and present his claim at an audit, and who has failed to do so. His petition for review is therefore without merit and will be dismissed.

The real ground for the petition for review, as will be seen from the averments thereof hereinabove recited, is that the former counsel for petitioner failed to perform properly his duties to the petitioner. This is not a sufficient reason for granting the review.

The remaining question involves the status of the respondent, who by his answer apparently seeks to join in the petition for review. He has withdrawn his exceptions to the adjudication. For that reason, even though he were the petitioner in this proceeding, his application would be dismissed.

For the same reason, he cannot as respondent, by submitting himself to the order of this court, attain a stronger position than he would have held as a petitioner.

Upon these grounds our conclusions are based. We comment also upon the apparently mistaken interpretation by counsel for petitioner of section 49 (b) of the Fiduciaries Act of 1917. "Distribution", as used therein, means payment of legacies in case of testacy, and to those entitled to payment under the inheritance laws in case of intestacy. It does not include payment of decedent's debts, as is argued.

The demurrers are sustained and the petition for review is dismissed.