## Toebe's Estate

*Herbert A. Speiser*, for petitioner; *Paul Reilly*, contra.

SINKLER, J., March 23, 1934.—The answer to the petition for review, filed by two of the respondents, is in effect a demurrer, and after the oral argument an amendment was filed by counsel for these respondents to the effect that the answer be considered a demurrer. The facts averred in the petition, which are therefore admitted, are as follows:

The entire estate accounted for is the interest of the decedent in a leather business, which was conducted by him during his lifetime. Shortly after his death, which occurred on November 4, 1930, an oral agreement was entered into between all the parties interested in his estate, to the effect that the administrator should not sell the business and account for the proceeds thereof, as was the duty of an administrator, but that the business should be operated by the administrator and Raymond Toebe, who agreed to purchase the shares of the other three parties in interest.

The administrator's account includes an account of income involved in the operation of the business from November 5, 1930, to December 31, 1932. Upon motion of counsel for certain of the parties in interest, the auditing judge ordered that the income account be stricken from the account, upon the ground that the business had been conducted without authority at a loss, and that the loss must fall upon the accountant, citing Nagle's Estate, 305 Pa. 36.

The petition for review recites that the surety on the administrator's bond had no actual notice of the filing of the account, of the audit, or of any of the proceedings before the auditing judge, although notice by publication of the filing of the administrator's account is admitted. The prayer of the petition for

review is that the adjudication be opened for the purpose of modifying the awards therein contained, to the effect that the surety on the bond is not liable for the payment of the awards by reason of the agreement between the parties interested in the estate. The argument on behalf of the petitioner was presented with much ability, but the prayer of the petition must be denied.

The petitioner's brief cites Peters' Estate, 20 D. & C. 1, as authority for the statement that a surety on an administrator's bond is a party in interest and entitled to a petition for review. The opinion in Peters' Estate, which was written by the writer of the present opinion, appeared in the Advance Reports of March 9th of the present year, and the syllabus as then published undoubtedly justifies the citation of the case as authority for such a statement.

The opinion itself contains no such statement of the law. We recite that the question was raised at the argument as to whether a surety upon an administrator's bond is a party in interest under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, and entitled to a bill of review. We referred to certain cases, which will be considered below, cited by counsel in support of his argument, and we continue: "Undoubtedly, in these cases, it is held that under certain circumstances a surety is entitled to a bill of review." Ordinarily, the surety upon an administrator's bond is not entitled to a bill of review. The exceptional circumstances under which such a bill of review will be granted existed in Bishop's Estate, 10 Pa. 469, and in Simmons's Estate, 1 Dist. R. 559. The facts are set forth in our opinion in Peters' Estate. "In Bishop's Estate, an administrator had charged himself in his account with rents and profits of decedent's real estate and proceeds of sale of real estate. A large balance was decreed against him, he became insolvent, and suits were brought against the sureties on his bond. Since his bond was conditioned for the proper administration of the personal estate, a review was granted to the sureties. In Simmons's Estate, like relief was given a surety where an executor had charged himself with a larger amount than was actually received from the proceeds of sale of real estate."

In Simpson's Appeal, 18 W. N. C. 175, the accountant was in the dual capacity of executor and testamentary guardian, and had not accounted correctly.

In Shallcross' Estate, 12 Phila. 158, the executors, nonresidents, and their sureties both joined in a petition for review. Hanna, P. J., granted the prayer by reason of certain questions, growing out of the failure of executors to pay their individual debts to the estate, not having been presented at the audit. It is quite evident from the opinion that the court considered the sureties entitled to a review under the facts and circumstances, although the principals did not appear to be entitled thereto.

In Peters' Estate, the right of a surety to a bill of review was of minor importance. Even had there been no question upon this score, a review would have been refused because of the fact that the surety had actual notice of the audit and failed to attend.

In the present case, the evidence as to the existence of the alleged oral contract was available at the audit, but was apparently not produced. At the argument before us it was stated that three out of the five parties thereto would deny that such an agreement existed.

We consider that the facts and circumstances before us do not constitute an exceptional case such as would justify us in granting the unusual relief for which petitioner prays.

The demurrer is sustained and the petition for review is dismissed.